474 A.2d 947
**Paul KNIGHT**

v.

**STATE of Maryland.**

**No. 1042, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

May 10, 1984.

E. Thomas Maxwell, Jr., Baltimore, for appellant.

Bernard A. Penner, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Ronald Levitan, Asst. State's Atty., for Anne Arundel County on brief, for appellee.

Submitted before GILBERT, C.J., LISS and GETTY, JJ.

LISS, Judge.

Appellant, Paul Knight, was charged in the District Court of Maryland for Anne Arundel County, with two counts of theft. By motion the case was removed for trial to the Circuit Court for Anne Arundel County. Appellant filed a motion to suppress evidence concerning the theft of a silver Ford van bearing Virginia tags XEC 179, which had been removed from the driveway of a house identified as 506 Bruce Avenue, located in Odenton, Anne Arundel County, Maryland.

The evidence at the suppression hearing indicated that a civilian named DeWeese had been engaged in a roofing job in the neighborhood and had observed the silver van parked in the driveway at 506 Bruce Avenue for several days. DeWeese had called the police and reported that the vehicle bearing Virginia license plates XEC 179 had been parked in the driveway for some time. The house at 506 Bruce Avenue was owned by the appellant and occupied by him, his wife and family.

DeWeese's call to the Anne Arundel County Police Department resulted in a radio message to Officer Robert Matikiewicz to respond to 506 Bruce Avenue. The call directed the officer to check a silver Ford van parked in the driveway of 506 Bruce Avenue, the van bearing Virginia tags XEC 179. The officer was further advised, over the radio, that the vehicle bearing these tags had been reported stolen to the Alexandria, Virginia, Police Department. Upon arriving at the scene the officer observed the van parked in the driveway, backed all the way up against and touching a chain link fence at the rear of the house. There was no license tag on the front of the van and the tag on the back of the van could not be seen from the street. Mr. DeWeese was on the scene and advised the officer that he was the person who had called the police and gave them the tag number. The officer, in order to verify the information, walked up the driveway, looked over the fence and back through it and was able to see and verify the number of the

Virginia tag. He then knocked on the front door of the house, and received no answer. The officer called his station and arranged for the silver Ford van and another vehicle found in the driveway to be towed to police headquarters.

After consideration of this evidence the hearing judge granted appellant's motion to suppress the evidence with respect to the van and the other vehicle seized by the police.

On June 8, 1983, the case was tried in the Circuit Court for Anne Arundel County without the intervention of a jury. Appellant was acquitted of theft of a second vehicle, which is not involved in this appeal. The case involving the Ford van proceeded to trial and the State, over objection, was permitted to call Howard DeWeese as a witness. He identified the van and the Virginia license tag and was permitted to testify concerning his participation in the discovery of the stolen vehicle and his notification of the police. Officer Matikiewicz was then called as a State's witness. Counsel for the appellant called the trial court's attention to the suppression order granted at a prior suppression hearing. The State's Attorney then proffered that he would not question the officer concerning anything he saw as a result of his intrusion on appellant's property but would only relate the information he received from DeWeese. The trial judge permitted the witness to testify and at the conclusion of the case found the appellant guilty of theft of the Ford van and imposed sentence. It is from that judgment that this appeal was noted.

Appellant raises two issues to be determined by this appeal.

1. Did the trial court err in allowing the State to introduce evidence which had been suppressed by a pretrial order?

2. Should the physical evidence suppressed have been excluded from appellant's trial?

We shall consider the issues together. Maryland Rule 736 sets forth the procedure for the determination of wheth-

er evidence allegedly obtained by an unlawful search and seizure shall be suppressed or excluded at trial. Pursuant to Rule 736 a 3 the appellant moved for the suppression of evidence as to the van and its license tag number. After a hearing the judge granted appellant's motion to suppress on the basis that the van and the tag number were unlawfully seized in violation of the appellant's Fourth Amendment rights. Maryland Rule 736 g 1 provides that "[i]f the court grants a motion to suppress evidence, the evidence shall be excluded and shall not be offered by the State at trial . . . ."

This Court has held that the admissibility of evidence obtained by a search or seizure claimed to be invalid is a matter exclusively for the trial court. If the evidence is found to have been unlawfully obtained it shall be excluded. *Cleveland v. State,* 8 Md.App. 204, 259 A.2d 73 (1969), *appeal after remand,* 12 Md.App. 712, 280 A.2d 520 (1971). Appellant argues that suppression of the van and its license tag number was proper because both were seized as a result of an illegal warrantless search of an area in which appellant had a reasonable expectation of privacy. He further contends that the driveway was an area well within the traditional "curtilage" of appellant's residence. *Everhart v. State,* 274 Md. 459, 337 A.2d 100 (1975). Although curtilage and property concepts are no longer totally determinative of Fourth Amendment intrusions, appellant contends that there can be no question that this was an area in which he could reasonably expect privacy. Appellant urges that the area in which the officer conducted his search was a constitutionally protected area from unreasonable searches and seizures. He contends that the officer's actions amounted to an unlawful, warrantless trespass on the appellant's property and that the hearing judge was correct when he granted appellant's motion to suppress. *A fortiori,* appellant urges that the trial judge committed reversible error when he permitted the officer to testify concerning the finding of the van and the license tag displayed upon it.

■ A careful consideration of the law and the evidence, however, convinces us that the appellant's position is untenable both in law and in fact. The record discloses that the original information in this case was derived from Mr. DeWeese, a roofer who was working in the neighborhood. It was this private citizen who first reported the information concerning the suspicious vehicle parked in appellant's driveway and who furnished the police with the Virginia license tag number. The Fourth Amendment protects the individual only against unreasonable intrusion by *governmental* agents.

The Supreme Court, in *U.S. v. Jacobsen,* —— U.S. ——, 104 S.Ct. 1652, 80 L.Ed.2d 85 [1984], had before it the most recent consideration of this legal principle. In that case, during the examination of a damaged package, consisting of a cardboard box wrapped in brown paper, the employees of a private freight carrier observed a white powdery substance in the innermost of a series of four plastic bags which had been concealed in a tube inside the package. The employees notified the Drug Enforcement Administration, replaced the plastic bags in the tube and put the tube back into the box. When the DEA agent arrived, he removed the tube from the box and the plastic bags from the tube, saw the white powder, opened the bags, removed a trace of the powder, administered a field test and determined the substance to be cocaine. Subsequently a warrant was obtained to search the place to which the package was addressed and the defendants were arrested. The defendants filed a motion to suppress the evidence on the ground that it was the product of an illegal search and seizure. The motion to suppress was denied and the defendants were convicted. The U.S. Court of Appeals for the 8th Circuit reversed the convictions on the ground that the validity of the warrant to search the premises depended on the validity of the warrantless test of the white powder and that a prior warrant was required to authorize the testing because it constituted a significant expansion of the

earlier private search. *See* 683 F.2d 296 (8th Cir.1983).
The United States Supreme Court reversed, stating that:

A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property. This Court has also consistently construed this protection as proscribing only governmental action; it is wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." [Citation omitted; footnote omitted]. —— U.S. at ——, 104 S.Ct. at 1656.

*       *       *       *       *       *

The initial invasions of respondents' package were occasioned by private action. Those invasions revealed that the package contained only one significant item, a suspicious looking tape tube. Cutting the end of the tube and extracting its contents revealed a suspicious looking plastic bag of white powder. Whether those invasions were accidental or deliberate, and whether they were reasonable or unreasonable, they did not violate the Fourth Amendment because of their private character. [Footnote omitted]. [*Id.*, at —— - ——, 104 S.Ct. 1657].

■ In the instant case it is clear from the testimony before the trial judge that Mr. DeWeese trespassed on appellant's premises. He was, however, permitted to testify, without objection, that he saw the van in appellant's driveway and went onto the property to inspect it and read the rear tag number and that he reported the tag number to the police. Before Officer Matikiewicz testified, the State's Attorney proffered that the officer would give no testimony about what he observed when he went onto appellant's premises. Pursuant to this proffer, the officer testified concerning the tag number as related to him by the witness DeWeese.

We are not required for the disposition of this appeal to rule on whether the motion to suppress filed by appellant

should have been granted. It is clear from our reading of the record that the officer did not testify concerning any information which he obtained from his intrusion into the appellant's driveway. There was no objection to his additional testimony that on the basis of the information that the vehicle was stolen he had ordered it to be towed away.

Appellant further contends that the van was erroneously admitted into evidence at the trial of this case. This is not substantiated by the record of the proceedings. The owner of the vehicle appeared as a witness, described his vehicle, the tag number on it and the fact that it was stolen. His testimony established that the Ford van stolen from him with the same license tag number was the vehicle towed from the appellant's driveway. The trial judge correctly ruled this testimony was sufficient to establish the *corpus delicti* of the theft. The van itself was never offered into evidence.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.